

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD HOLDINGS, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NELSON A. MANCIA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 24cv1806-LL-MSB<br><br>**REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF Nos. 1, 2]** |

Defendants Nelson A. Mancia, Nelson M. Mancia, and Zulma G. Mancia, acting pro se, removed this action under federal question jurisdiction from the San Diego Superior Court. ECF No. 1. There, Plaintiff Redwood Holdings, LLC sued Defendants for unlawful detainer. ECF No. 1-2. Plaintiff alleged that it purchased the house at issue in a foreclosure sale. *Id*. ¶ 4. Despite providing notice in writing that Defendants must vacate the premises, Plaintiff asserted that Defendants have remained in the house after their vacate-deadline. *Id*. ¶¶ 12–15. Plaintiff sued Defendants to obtain possession of the property and for rental damages in the amount of $157.70 per day from March 15, 2024, to the date Defendants vacate or Plaintiff obtains judgment. *Id*. at 3. For the reasons below, the Court sua sponte **REMANDS** this action for lack of subject matter jurisdiction and **DENIES AS MOOT** Defendants' Motion to Proceed In Forma Pauperis.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). In general, "removal statutes are strictly construed against removal," and a "defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Federal courts are under "an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. DISCUSSION

Defendants removed this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, § 1441(a), and § 1446. ECF No. 1, at 1. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction exists only when a federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Defendants argue that federal question jurisdiction exists because Plaintiff's "claim is based upon a notice which expressly references and incorporates the Protecting Tenants at Foreclosure Act [PTFA]." ECF No. 1, at 3. Defendants are mistaken. Plaintiff's complaint alleges a sole claim for unlawful detainer under California law. ECF No. 1-2. The PTFA, nor any other federal statute, is part of the complaint. *Id*. Defendants can try to "raise the PFTA as a defense to the state court action," but they "cannot rely on it to remove this action to this Court." *Lott v. Miller*, No. 20-cv-0147-BAS-AGS, 2020 WL 374467, at *2 (S.D. Cal. Jan. 23, 2020); *see Deutsche Bank Nat'l Tr. Co. v. Forteza*, No. CV 12-1561 CAS (EX), 2012 WL 12897033, at *1 (C.D. Cal. Mar. 9, 2012) ("A defendant's attempt at

creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.").

Because Plaintiff's complaint only alleges an unlawful detainer claim under California law, there is no federal question jurisdiction. *See Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."); *Lott*, 2020 WL 374467, at *2 (remanding action for lack of subject matter jurisdiction since the complaint only alleged "a residential unlawful detainer" claim). And because there is no claim arising under a federal question—the only alleged basis for jurisdiction—the Court must remand. *See id*.

## III.  CONCLUSION

Accordingly, the Court sua sponte **REMANDS** this action for lack of subject matter jurisdiction to the San Diego Superior Court and **DENIES AS MOOT** Defendants' Motion to Proceed In Forma Pauperis.

**IT IS SO ORDERED.**

Dated:  October 31, 2024

Honorable Linda Lopez
United States District Judge